## WM. H. MUSGROVE, APPELLANT, v. RUTH M. BONSER ET AL., RESPONDENTS.

UNRECORDED DEED—TITLE CONVEYED BY, WHERE THERE IS NOTICE.—An unrecorded deed has the effect to carry the legal title as against all persons having actual notice of its existence. The protection of the statutes in relation to recording deeds only applies in favor of parties who have acted in good faith.

RECORDED DEED—WHEN TAKEN WITH NOTICE OF PRIOR CONVEYANCE.—A conveyance, though duly recorded, passes no title whatever when taken with a knowledge of the existence of an unrecorded deed.

ACTUAL NOTICE—DEED NOT ENTITLED TO RECORD MAY OPERATE AS.—A deed, though not entitled to record, but which has been recorded, while it does not operate as constructive notice, may operate as actual notice. The rule as to notice in *Bohlman* v. *Coffin et al.* (4 Or. 313), affirmed.

PRIOR EQUITIES—WHERE PURCHASER HAS NOTICE OF.—If one has notice of the equities of prior purchasers before he pays the purchase-price of land, and yet makes payment, he cannot claim the rights of a *bona fide* purchaser.

APPEAL from Multnomah County.

The facts are stated in the opinion of the Court.

*Dolph, Bronaugh, Dolph and Simon,* for Appellant.

*B. Killin and R. Williams,* for Respondents.

By the Court, PRIM, J.:

This was a suit in equity, brought in the Circuit Court of Multnomah County by Musgrove against respondents, to restrain them from cutting cordwood and removing it from the lands described in the complaint, situate on Oak Island, Multnomah County, Oregon. The appellant and one of the respondents, Ruth M. Bonser, each claim to own the land in controversy by virtue of several deeds of conveyance from the common grantors, M. L. Armstrong and wife. On February 15, 1873, Armstrong and wife executed a deed of conveyance of the land in dispute to Musgrove, which was duly recorded in the county clerk's office of Multnomah County on February 25, 1873, and on December 4, 1860, Armstrong and .wife, for a valuable consideration, executed a deed of conveyance for the same land to John Bonser, while in Washington Territory. This deed was placed on the records in the county clerk's office of Multnomah County on December 24, 1860, but without authority of law; because the acknowledgment of the execution thereof had been taken before a notary public of Washington Territory, and because it was deposited for record without first having the certificate of a clerk or other proper certifying officer of a court of record of the county or district within which such acknowledgment had been taken, as required by the statute of Oregon then in force. (Statutes 1854, p. 520, § 12.)

On January 19, 1866, John Bonser conveyed by deed the

land in controversy to Ruth M. Bonser (then Ruth M. Dow) for a valuable consideration, which was duly acknowledged and recorded in the county clerk's office.

As has been stated, the deed of 1860 from Armstrong and wife to John Bonser was acknowledged before a notary public of Washington Territory, where the deed was executed; said acknowledgment being in the following words:

"TERRITORY OF WASHINGTON,
                                    " COUNTY OF CLARK.

"On this 4th day of December, A.D. 1860, before me ——
——, a notary public in and for said county, personally appeared M. L. Armstrong and Martha Jane, his wife, * * *
to me well known to be the persons named in the within deed, and after the same was read and explained by me to them they each acknowledged to me that —— signed and executed the within deed."

The first point made by counsel for appellant is, that the certificate of acknowledgment appended to the Bonser deed is fatally defective and is not evidence of its execution without further proof. It will be noticed that the notary, instead of certifying that Armstrong and wife were known to him to be the makers of the deed, certifies that they were known to him to be the persons named in the written deed, and that "they acknowledged to him that —— signed and executed the within deed." The omission of the pronoun *they* before the word "signed" was evidently a clerical mistake; and while the certificate is somewhat defective, yet we think it substantially contains all the requisites of the statute then and there (Washington Territory) in force. We think it may be inferred from this certificate that Armstrong and wife were the makers of the deed; that they were known to the notary personally, and that they acknowledged to him its execution. This deed was not, however, duly recorded in the county of Multnomah, in this State, where the land is situate. The statutes of 1854, p. 520, § 12, require that where a deed is executed outside of this State, unless the acknowledgment is taken before a commissioner appointed by the Governor for that purpose, it shall have

attached thereto a certificate of the clerk or other proper certifying officer of a court of record, under the seal of his office, that the person taking the acknowledgment was, at the date thereof, such officer as he is therein represented to be, and that the signature of such officer he believes to be genuine, and that the deed is executed and acknowledged according to the laws of said State or Territory.

This deed not having this certificate attached thereto, though copied by the clerk upon the record, was not entitled to be there. It being to all intents and purposes an unrecorded deed at the time appellant took his conveyance from Armstrong and wife, it did not operate as constructive notice to appellant. The only effect of such deed was to carry the legal title as against all persons having actual notice of its existence.

By our statute every deed not recorded, as required by law, is void, as against a subsequent purchaser in good faith and for a valuable consideration, whose conveyance shall be first recorded. It seems to be well settled, in this country, "both in law and equity, that our recording acts only apply in favor of parties who have acted in good faith," and it is therefore generally held that a conveyance, duly recorded, passes no title whatever, when taken with a knowledge of the existence of a prior unrecorded deed. (2 Ld. Cases in Equity, 183; 9 John. 163; 4 Mass. 637.)

This brings us to the question made in the pleadings, as to whether appellant purchased the land in controversy with a knowledge of the existence of the prior unrecorded deed of Bonser. This is a question of fact to be determined from the testimony.

On looking into the testimony we find that, prior to taking his deed, Musgrove had procured his attorney to examine the records of Multnomah County, and had been informed by him that there was a deed on record for the same land from Armstrong and wife to John Bonser, executed on January 20, 1860, but that it was not entitled to be on the record. It also appears that, in a conversation with Mrs. Armstrong, he was informed by her that she and her husband had conveyed this land to John Bonser. Notwith-

standing he was in possession of all this information prior to taking the deed, he made no inquiry of Bonser and wife as to their rights, though they were his near neighbors. Armstrong and Musgrove were brothers-in-law; John Bonser was the father of Mrs. Armstrong, and all the parties were in the habit of visiting each other. From all the facts developed in this case, we have reached the conclusion that they were sufficient to charge appellant with notice of the prior existing conveyance of respondent, that at least they were sufficient to put him upon inquiry. "It is not necessary, to constitute notice, that it should be in the shape of a distinct and formal communication, and it will be implied in all cases where a party is shown to have such means of informing himself as to justify the conclusion that he might and ought to have availed himself of them." (*Barnes* v. *McChristie*, 3 Pa. 67; *Bohlman* v. *Coffin*, 4 Or. 313.)

The general doctrine is, that whatever is sufficient to direct the attention of a purchaser to the prior rights and equities of third persons, and to enable him to ascertain their nature by inquiry, will operate as notice. (2 Ld. Cas. Eq. 160; 7 Conn., 324; 2 Paige, 202.)

*Hastings* v. *Cutter* (4 Foster, 481) was a case where the deed had been registered, although it had not been executed according to the statute, and it was held that while the "registration as such" did not operate as *constructive* notice of the conveyance, it might operate as actual notice. The court said: "But if by means of that registration of the defective deed the defendants had actual notice of the plaintiff's title, they are charged with the notice as in other cases. The defendants, when they found the copy of the plaintiff's deed on record, must have understood that the intended record was to give information that such a deed had been made, and that the plaintiff claimed the land under it. This must be regarded as actual notice, such as every reasonable and honest man would feel bound to act on."

In order to enable Musgrove to claim precedence as a *bona fide* purchaser it must appear, not only that he had no notice of the prior unrecorded deed of Bonser, when the land was purchased from Armstrong and wife, but also at

the time the purchase-money was paid; for if the purchase-money was paid after such knowledge he could not claim the rights of a *bona fide* purchaser. It is not enough that the deed should express a consideration, but it must be actually paid to enable one to claim the protection of a *bona fide* purchaser. (3 Wash. on Real Pr. 299; 6 Mich. 133; 12 Id. 339.)

In this suit it appears from the testimony of Musgrove himself that he never has paid anything for this land. He testifies that he was to pay for it by giving Armstrong's minor son $1000 worth of cattle; that the cattle were east of the mountains, and were to be counted out and delivered from a large band of cattle at some future time, and that they never have been delivered. Thus it will be seen that the consideration still remains unpaid, unless payment has been made since the testimony was taken.

Another question presented is in relation to the possession of Mrs. Bonser. From the facts set forth in the depositions, we have reached the conclusion that her possession was not of that unequivocal character as that standing alone it would operate to charge Musgrove with full notice, but taken in connection with the facts already referred to in relation to the deed, we think the conclusion we have reached is strengthened and fortified.

It follows from the view above expressed, that the decree should be affirmed.