[Filed January 31, 1887.]

## JOSEPH MANAUDAS *v.* PETER MANN.

DEED—ACKNOWLEDGEMENT AND PROOF—RECORDING—NOTICE.—A deed in this state, duly signed, sealed and witnessed, conveys the title of the grantor as between the parties, and as to every one else by title subsequent, except a *bona fide* purchaser for a valuable consideration. The want of acknowledgment or proof, which may authorize the admission of the deed to record, does not invalidate the deed as between the grantor and grantee, nor as to persons who are chargeable with actual notice.

SAME—EVIDENCE.—In an action of ejectment, where the defendant in possession of the property offers in evidence an unacknowledged deed to himself from the plaintiff's grantor of an earlier date than the plaintiff's deed, accompanied with proper proof of its execution, and offers to follow it with evidence that the plaintiff, at the time when the deed to him was executed, had knowledge of the defendant's deed, it is error to reject such unacknowledged deed and evidence.

ACTUAL NOTICE—POSSESSION AS NOTICE.—Actual notice, it must be understood, is meant to include the knowledge of facts sufficient to put a party upon inquiry. Hence, possession under an unrecorded deed is a species of actual notice.

BAKER COUNTY.  Defendant appeals.  Reversed, and new trial ordered.

*Zera Snow,* for Appellant.

*J. J. Balleray,* for Respondent.

THAYER, J.—The respondent commenced an action in the circuit court for Baker County against the appellant, to recover the possession of real property situated in said county of Baker, and described in the complaint as " a tract of land, commencing at the southwest corner of Lot 2, Block 2, Fisher's Addition to the Town of Baker, running thence east 100 feet, thence north 20 feet, thence west 100 feet, thence south 20 feet." It is a part of said lot 2, in what is now Baker City, in said county. The respondent also claimed damages for withholding the property, and claimed to own it in fee. The appellant denied the respondent's ownership, and alleged that he was the owner of it in fee. Both parties claimed title from the same grantor ; the respondent, by quit claim deed executed to him in the fall of 1885, by Heilner & Cohen, in accordance with a decree of this court rendered in the case of *Manaudas* v. *Heilner & Cohen,* reported in 12 Or. 335; the appellant, by a deed executed to him by the same parties long prior to that executed to the respondent. The deed to the appellant, however, although recorded, was not properly acknowledged so as to entitle it to record, and its admission in evidence was objected to by the respondent's counsel. The appellant's counsel offered proper proof of its execution, and offered to show that the respondent, when the deed to him was executed, had knowledge of the deed to appellant ; but the court refused to receive it in evidence, and the appellant's counsel excepted to the ruling. The deed appears to have been regularly executed, aside from the defectiveness of the certificate of acknowledgment.

The ruling was clearly erroneous. A deed in this state, duly signed, sealed, and witnessed, conveys the title of the grantor as between the parties, and as to every one else by title subsequent, except a *bona fide* purchaser for a valuable consideration. (Misc. Laws, Chap. 6, Tit. 1, Sec. 26.)

Our statute of conveyances of real property was taken from the Iowa statute, and the construction which the courts of that state have invariably given it has been, that the want of the acknowledgment or the proof which may authorize the admission of the deed to record, does not invalidate the deed as between grantor and grantee ; and that it is good as to all persons who are chargeable with actual notice. (*Blain* v. *Stewart*, 2 Iowa, 378.)

The courts in this state have given it the same construction.

In *Musgrove* v. *Bonser*, 5 Or. 313, Judge Prim, in delivering the opinion of the court, said : " It seems to be well settled in this country, ' both in law and equity, that our recording acts only apply in favor of parties who have acted in good faith,' and it is, therefore, generally held that a conveyance, duly recorded, passes no title whatever, when taken with a knowledge of the existence of a prior unrecorded deed."

The same ruling has been maintained by the circuit court of the United States for the circuit court of the District of Oregon. In *Goodenough* v. *Warren*, 5 Sawyer, 494, Judge Deady presiding, it was held that the record of a junior deed did not avoid an unrecorded elder deed to the same premises, when the junior deed was taken with knowledge of the existence of the elder one ; that the grantee in the junior deed, under such circumstances, was not considered a *bona fide* purchaser. This last decision is directly in point, and entirely sound.

By actual notice, it must be understood, is meant to include the knowledge of facts sufficient to put a party upon inquiry ; hence, possession of the premises under an unrecorded deed is a species of actual notice. ( *Williamson* v. *Brown*, 15 N. Y. 354.)

The decree of this court, in pursuance of which the quit

claim deed from Heilner & Cohen to the respondent was executed, directed said Heilner & Cohen to execute a deed of reconveyance to Manaudas, the respondent herein, of all property received from him by a conveyance he executed to them on the 26th day of March, 1878, except such as they had sold, and the price therefor had been credited to him upon accounts between them which had been settled, unless he paid to them the purchase price. It was the intention of this court, so far as it had the power to do so, to place the parties in *statu quo* in reference to the property conveyed by the deed of March 26, 1878, from Manaudas to Heilner & Cohen, and which had been delivered to them under that conveyance. It was an absolute conveyance, and the contract they executed to him contemporaneously therewith, by which they stipulated to reconvey to him said property upon the conditions therein specified, only bound them to reconvey to him such right or title to the property as they might have therein ; a power was reserved to the said Heilner & Cohen, in the said contract, to sell and dispose of the said property, in case of the failure of the said Manaudas to pay the sum due from him to them, or make substantial default in such payment.

The decision of this court and decree entered thereon in said case could not have been expected to bind persons not parties to the suit, nor give to Manaudas title to any of the property that had been sold by Heilner & Cohen to other parties. It could operate no farther than to put Manaudas in a situation to assert any right he might have to the property sold as against the purchaser thereof, by virtue of his having a prior right therein to that of such purchaser. Whether any facts exist, showing that the appellant took his deed from Heilner & Cohen in violation of the respondent's rights in the property, does not appear. That question could not have been tried in the trial that was had in the circuit court, as appellant's deed was not admitted in evidence, and the respondent had no need to attack it, nor the appellant to defend his rights under it. Such question could only be raised after the deed had been admitted in proof.

The case will have to go back for a new trial, and the respondent will then have an opportunity to consider whether he will be able to impeach the appellant's said deed at law, or will have to go into equity for that purpose. There are some other questions in the case, but they do not bear upon the merits, and I do not think it necessary to consider them.

Judgment reversed and new trial ordered.