Decided 11 December, 1906.

### WILLIAMS *v.* FIRST NATIONAL BANK.

87 Pac. 890.

ACTUAL NOTICE OF LIEN.

1. The statement by one of the payees of a note to the cashier of a bank at which he left it for collection, that he had a mortgage on the maker's sheep to secure the note constitutes actual notice to such bank of the mortgage so referred to, though it also secured the payment of another note that was not referred to.

EFFECT OF RECORD OF UNACKNOWLEDGED CHATTEL MORTGAGE.

2. Under Sections 5630 and 5631, B. & C. Comp., providing that chattel mortgages "shall" be acknowledged by the maker and that "such" mortgages may be recorded, an unacknowledged chattel mortgage is not entitled to be recorded and its presence in the record books does not impart to any one notice of its existence.

EFFECT OF ACTUAL KNOWLEDGE OF PRIOR CHATTEL MORTGAGE.

3. Persons taking chattel mortgages on property with actual knowledge of a prior mortgage are not mortgagees "in good faith" within the meaning of Section 5633, B. & C. Comp., and their mortgages are not entitled to precedence, though the prior mortgage was unacknowledged, in consquence of which its actual record was not notice.

CHATTEL MORTGAGE—REMOVAL TO ANOTHER COUNTY—KNOWLEDGE.

4. The effect of actual knowledge of an existing prior unrecorded chattel mortgage is not affected by a removal of the property to another county, Section 5632, B. & C. Comp., being applicable only to subsequent lienors for a valuable consideration and without notice.

From Grant: GEORGE E. DAVIS, Judge.

Statement by MR. JUSTICE HAILEY.

This is an action by S. S. Williams and another against the First National Bank of Ontario and others to recover possession of 2,316 sheep mortgaged to plaintiffs by L. S. Wicker-

sham, the owner thereof, who afterwards mortgaged them to the defendant bank, which claims a right to their possession under its mortgage. The case was tried by the court without the intervention of a jury, upon an agreed statement of facts, from which it appears that on August 2, 1902, Wickersham gave. plaintiffs a mortgage upon the sheep in controversy to secure the payment of $4,125, part of the purchase price thereof, evidenced by two notes, one for $500 due July 15, 1903, and the other for $3,625 due September 15, 1904, with interest at 10 per cent per annum from September 15, 1902, payable annually, which mortgage was properly executed and witnessed but not acknowledged, and was, on October 1, 1902, recorded in Malheur County, and on July 8, 1904, in Grant County; that on July 8, 1903, Wickersham gave the defendant First National Bank of Ontario a mortgage on the same sheep to secure the payment of a promissory note for $500 that day executed by him to the bank, and due in six months after date, which mortgage was properly executed, witnessed, and acknowledged, and on the next day recorded in Malheur County, and afterwards, on the 29th day of June, 1904, recorded in Grant County, to which latter county the sheep covered by said mortgages had been removed on the 15th day of June, 1904. In July, 1904, the defendant bank obtained possession of all the sheep covered by its mortgage by an action of claim and delivery commenced by it against the mortgagor Wickersham, and thereafter, on July 13, 1904, the plaintiffs commenced this action of claim and delivery for the sheep against the bank and other defendants herein, but, according to the stipulated facts, the other defendants have no interest in this action.

It is further agreed that on the ——— day of June, 1903, prior to the execution and delivery by Wickersham of the mortgage to the defendant bank, one of the plaintiffs, I. S. Goodwin, went to the bank and left with E. H. Test, its cashier, for collection, the $500 note secured by plaintiffs' mortgage, "and then and there informed the said cashier that he, the said Goodwin, and S. S. Williams had a chattel mortgage upon the sheep owned by the said Wickersham, and which are

described in the mortgages of both plaintiffs and defendant bank." It is also stipulated that default had been made in the conditions of both mortgages; and that Test was cashier of the bank when its mortgage was taken, and witnessed the same. There are other facts stipulated, but, not deeming them necessary to the determination of the questions involved in this suit, we refrain from reciting them. The court entered judgment in favor of the plaintiffs for the possession of the mortgaged property and costs, it appearing from the record that possession of the sheep had been obtained by the plaintiffs theretofore by affidavit and an undertaking as provided by the Code in actions for claim and delivery. From this judgment, the defendant bank appealed.                                                   AFFIRMED.

For appellant there was a brief over the names of *V. G. Cozad* and *Errett Hicks*, with an oral argument by *Mr. Hicks.*

For respondents there was a brief with oral arguments by *Mr. William Rufus King* and *Mr. William Henry Brooke.*        :

MR. JUSTICE HAILEY delivered the opinion of the court.

1. The defendant urges two questions only: "First, was there actual notice to the bank of the existence of plaintiffs' mortgage at the time of taking its own mortgage? and, second, if there was such notice, was it sufficient to cure the defect in the execution of plaintiff's mortgage," caused by the want of an acknowledgment thereto? As stated in the language of defendant's brief, "the notice to the cashier was given when one of the plaintiffs presented for collection the $500 note described in plaintiffs' mortgage and told the cashier the plaintiffs had a mortgage on the sheep of Wickersham, the maker of the note," and it is admitted, in the agreed statement of facts, that the sheep referred to were those covered by the two mortgages. Defendant claims that this notice is not sufficient, in that "it does not appear to what this notice extended, nor does it appear that the other note described in the mortgage was mentioned." How actual notice of the mortgage could have been given more directly than by these admitted facts, we fail to see, unless by producing and exhibiting the

mortgage itself or reciting its contents. The notice clearly extended to the sheep upon which defendant afterwards took its mortgage, and had reference to the mortgage given thereon to plaintiffs, in which both notes secured thereby were mentioned. The cashier was told by one of the mortgagees of its existence, and could have learned from the same source its full terms, and such notice was sufficient: *Bohlman* v. *Coffin*, 4 Or. 313, 318; *Musgrove* v. *Bonser*, 5 Or. 313, 317 (20 Am. Rep. 737); *Manaudas* v. *Mann*, 14 Or. 450, 452 (13 Pac. 449); *Raymond* v. *Flavel*, 27 Or. 219, 241 (40 Pac. 158); *Crossen* v. *Oliver*, 37 Or. 514, 521 (61 Pac. 885). No question is raised that notice to the cashier was not notice to the bank in this case.

2. Section 5630, B. & C. Comp., provides:

"Any mortgage, deed of trust, conveyance or other instrument of writing intended to operate as a mortgage of personal property alone, or with real property, shall be executed, witnessed and acknowledged, or certified or proved, in the same manner as a conveyance of real property."

Section 5631, B. & C. Comp., provides:

"Any such mortgage * * may be recorded," etc.

The mortgage to plaintiffs, not having been acknowledged, was not entitled to record under the section last mentioned, which limits the right of record to such mortgages and other instruments mentioned in Section 5630 as "shall be executed, witnessed, and acknowledged, or certified or proved, in the same manner as a conveyance of real property." The mere record of such unacknowledged mortgage would, therefore, import no notice of its existence, and it must, therefore, be treated as an unrecorded mortgage: *Musgrove* v. *Bonser*, 5 Or. 313 316 (20 Am. Rep. 737); *Fleschner* v. *Sumpter*, 12 Or. 161, 167 (6 Pac. 506); *Walker* v. *Goldsmith*, 14 Or. 125 (12 Pac. 537); Jones, Chat. Mort. (4 ed.) § 248.

3. Defendant contends that plaintiffs' mortgage, not having been acknowledged in accordance with Section 5630, B. & C. Comp., is not within the terms of the recording act referred to (Section 5631), and that only such mortgages as are executed, witnessed and acknowledged, or certified or proved, in

the same manner as a conveyance of real property come within the terms of Section 5633, B. & C. Comp., which provides:

"Every mortgage, deed of trust, conveyance, or instrument of writing intended to operate as a mortgage of personal property, either alone or with real property, hereafter made, which shall not be accompanied with immediate delivery and followed by the actual and continual change of possession of the personal property mortgaged, or which shall not be recorded as provided in Section 5631, shall be void as against subsequent purchasers and mortgagees in good faith and for a valuable consideration of the same personal property, or any portion thereof."

In other words, it is contended that an unrecorded mortgage which does not strictly conform to the provisions of Section 5630, is void as to subsequent mortgagees and third parties, even though they take with notice of its existence. In support of this claim several cases are cited from other states, based upon statutes which were found upon examination to make no limitation upon the character of third persons against whom an unrecorded mortgage is declared void, and are radically different in that respect from our statute which expressly declares that such mortgages "shall be void as against subsequent purchasers and mortgagees in good faith and for a valuable consideration of the same personal property." The effect of this statute is to limit its operation to the classes mentioned, and clearly implies that such mortgage is valid as to all others without being recorded. In *Harms* v. *Silva,* 91 Cal. 639 (27 Pac. 1088), under a statute which provided that a mortgage was void as against creditors of the mortgagor and subsequent purchasers and incumbrancers of the property, in good faith and for value, unless accompanied by a certain affidavit and acknowledgment, proved, certified and recorded in like manner as grants of real property, it was held that an unacknowledged chattel mortgage was valid as against a subsequent mortgagee of the same property who took with full knowledge of such prior mortgage, and that, having so taken, he was not an incumbrancer in good faith.

In *Mendenhall* v. *Kratz,* 14 Wash. 453 (44 Pac. 872), under a similar statute, a chattel mortgage, unaccompanied by the statutory affidavit, and unacknowledged and unrecorded in the county where the property was sold to defendant until after the sale, was held valid against a defendant who had knowledge of its existence at the time he purchased. In that case the court by ANDERS, J., said: "No one can become a purchaser or an incumbrancer of property in good faith, if he have notice of a pre-existing mortgage, although such mortgage may not be recorded or verified in accordance with the statute." To the same effect are *Roy* v. *Scott,* 11 Wash. 406 (39 Pac. 679), and *Darland* v. *Levins,* 1 Wash. 582 (20 Pac. 309). In the latter case, subsequent mortgagees and purchasers of a band of sheep, all of whom took with notice of a prior unrecorded mortgage thereon for the purchase price thereof, claimed that such prior mortgage was void as to them, but their claim was denied. This court has held in *Manaudas* v. *Mann,* 14 Or. 450 (13 Pac. 449), that an unacknowledged deed is valid between the parties and all others chargeable with actual notice, and in *Security Trust Co.* v. *Loewenberg,* 38 Or. 163 (62 Pac. 647), that an instrument affecting lands, "although not executed or acknowledged so as to make it a formal mortgage, is, nevertheless, effective between the parties and subsequent purchasers, or attaching creditors with notice." Considering our statutes regarding the conveyances of real property, which are similar in effect to those regarding chattel mortgages, we think the principle involved in the foregoing cases is the same as in the case at bar. The defendant, having had notice of the plaintiffs' mortgage prior to taking its own, had all the notice the record of such mortgage could afford, and should be bound by such notice. To hold otherwise would make laws intended to prevent fraud the very instruments of fraud: *Jackson* v. *Burgott,* 10 Johns. 462 (6 Am. Dec. 349). Recording acts are for the purpose of giving notice to those who have none, and thereby preventing wrong, and not for the purpose of giving undue advantage to those who have notice and thus enabling them to perpetrate wrong. The defendant, having notice, was not a mortgagee in good faith.

4. Under these circumstances the defendant could gain no advantage by recording its mortgage in Grant County after the removal of the sheep to that county, for Section 5632, B. & C. Comp., regulating the filing of mortgages in other counties to which the mortgaged property may be removed, applies the same test of good faith and valuable consideration to subsequent mortgagees in such counties as in the original county. The removal of the sheep to Grant County did not remove the defendant's knowledge of the plaintiff's mortgage thereon.

The judgment is affirmed.                    AFFIRMED.