Argued March 4, decided April 27, 1909.

## BROWN *v.* MOSS.

[101 Pac. 207.]

ANIMALS—BRANDS—EVIDENCE OF OWNERSHIP—RECORD OF BRAND.

1. Under Section 4204, B. & C. Comp., providing that in suits where title to stock is involved, the brand on an animal shall be *prima facie* evidence of ownership, provided the brand has been duly recorded, and that proof of the right of the person to use the brand shall be made by certified copy of the record, where a brand is recorded as required by the statute, the record is primary evidence of the facts therein stated, and may be proved by a copy thereof, certified by the legal keeper, under the express provisions of Section 755, subd. 5, B. & C. Comp., though the brand was not entitled to be recorded because it was the same, or similar to, a previously recorded one.

ANIMALS—BRANDS—EVIDENCE—WEIGHT—CERTIFIED COPY OF RECORD.

2. The *prima facie* case as to title made by the copy of the record may be overcome by any competent proof, the effect of the recorded brand as evidence being for the jury.

ANIMALS—BRANDS—RECORDING—SIMILARITY OF BRANDS.

3. A brand for horses resembling a horseshoe with points either up or down is not similar to a brand consisting of a horseshoe with open end down and a bar immediately under it, within the meaning of Section 4202, B. & C. Comp., providing that when a brand has been recorded in a county, no other person can record the same brand, or a similar one, except with the written consent of the owner of the recorded brand.

ANIMALS—BRANDS—RECORDING.

4. Section 4201, B. & C. Comp., providing that, when a certificate of a stock brand is delivered to the county clerk in the form required by statute, he shall record it in a book to be kept for that purpose, contemplates that the certificate of brand shall be recorded in full, and the entry in some book of what the clerk conceives to be a memorandum of its contents, is not a compliance with the statute.

ANIMALS—STOCK BRAND.

5. The effect as evidence of a certified copy of a recorded stock brand being purely statutory, a compliance with the statutory requirements is necessary to give the copy such effect.

From Lake: HENRY L. BENSON, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by William W. Brown against W. Z. Moss and was brought by plaintiff in Lake County to recover possession of ten head of horses. In his complaint he alleges, that he is a resident of Crook County; that at all times mentioned he was, and is now, the owner of, and has continuously used, a certain brand, commonly known and called "Horseshoe Bar," for branding horses and mules belonging to him, and ranging in Crook, Lake, and Harney counties; that such brand was recorded in Lake County on October 5, in Harney County on September 27, and in Crook County on November 19, 1901; that on August 3, 1903, he duly made and signed a certificate of adoption of two certain brands, one of which is commonly known and called "Horseshoe Bar," and is the identical brand formerly recorded, and the other being what is commonly called and known as a "Horseshoe," and caused the same to be recorded in Lake County, as provided by law; that on April 28, 1906, and for a long time prior thereto, he was, and is now, the owner of about 1,500 head of horses, branded with said Horseshoe Bar brand, ranging in Lake County, and particularly he was on said date, and, for a long time prior thereto had been, and now is, the owner of, and entitled to, the immediate possession of ten head of horses, consisting of eight mares, one dark bay or brown stallion, and one sorrel

stallion, and that each of said ten horses was on the date named, and is now, branded with said Horseshoe Bar brand upon both jaws, the same being on said date an old and well-healed brand; and also having burned upon both jaws, on said last-mentioned date, a Triangle brand, so placed as to partially cover and obliterate the bar of said Horseshoe Bar brand, said Triangle brand then being a fresh and new brand; that the ten horses so described were of the reasonable value of $400; that on April 28, 1906, in the county of Lake, State of Oregon, the defendant, without claim of right, unlawfully and wrongfully, took possession of said ten horses, against the will and consent of this plaintiff, and has ever since retained, and still retains, the same in his possession within Lake County, at his pasture about one half mile west of Lake View.

The defendant in his answer denies all the allegations of the complaint, except that he was in possession of the ten head of horses described therein at the time alleged, and for an affirmative defense pleads, that at the time of the filing of the complaint he was, and ever since has been, the owner, and entitled to the exclusive possession, of all such horses, and that they were in his possession until the month of May, 1905, when by order of plaintiff the sheriff took possession thereof, and delivered them to plaintiff.

The reply put in issue the affirmative matter of the answer, and upon the issues thus joined the cause came on for trial before the court and a jury, whereupon the plaintiff, for the purpose of proving his ownership of the animals in dispute, offered in evidence a certified copy of the record of his brand in Lake County. The defendant objected to its admission on the ground that, at the time it was offered for record, there was upon the records of the county the brand of defendant, which was the same, or so similar to that of plaintiff as to render illegal the record of the latter. In support of

this objection defendant offered, and was permitted to introduce, considerable evidence tending to show that in May, 1900, he made and delivered to the county clerk of Lake County a certificate of a stock brand for horses and mules, and the clerk entered a memorandum thereof, as required by Section 4276, B. & C. Comp., in the record, to be kept by the stock inspector of the county, but which was never recorded in full in the record of stock brands, as required by section 4201.

After hearing the testimony the court decided that defendant's brand was properly recorded; that it was the same, or so similar to that subsequently recorded by plaintiff that the latter should not have been recorded, and refused to admit it in evidence.

The plaintiff then offered certified copies of his brand, as recorded in Harney and Crook counties, but they were excluded, and, having no other evidence to prove his title to the property in controversy, the court directed a verdict in favor of defendant, and plaintiff appeals.

REVERSED.

For appellant there was a brief over the names of *Mr. Edward S. J. McAllister, Mr. L. F. Conn* and *Messrs. Dolph, Mallory, Simon & Gearin,* with oral arguments by *Mr. McAllister* and *Mr. Gearin.*

For respondent there was a brief over the names of *Mr. J. M. Batchelder, Mr. J. C. Rutenic* and *Mr. Lionel R. Webster,* with an oral argument by *Mr. Webster.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The rulings of the court on the admission in evidence of a certified copy of plaintiff's recorded brand, and the proceedings had on defendant's objection thereto, were irregular and erroneous. The certificate of plaintiff's brand, as made and filed by him, was in the form required by statute, and was entitled to record. It had been duly recorded by the county clerk in a book

kept for that purpose. All the requirements of the statute in reference to the form and the record of the brand had been fully complied with, and it was, and is, a public record. The statute (Section 4204, B. & C. Comp.) makes a certified copy of such a record proof of the right to use the brand so recorded, and such brand on an animal is *prima facie* evidence of ownership of the person to whom it belongs. The plaintiff was therefore entitled to have the certified copy admitted as evidence of title, if he subsequently showed that the animals in dispute were branded with such brand. The claim that the brand was not entitled to be recorded because it was the same or similar to a previously recorded brand was a question which could not be properly determined on an objection to the admission of a certified copy thereof in evidence. Whether rightfully or not, it was a matter of record, and entitled to record. The proof thereof was by a certified copy. Where an instrument is not entitled to record, either because there is no law authorizing it to be recorded, or it has not been executed in the form required by law to entitle it to record, it may be that its proof cannot be made by a certified copy, and that the spreading of it upon the record of the county is a nullity: *Musgrove* v. *Bonser*, 5 Or. 313 (20 Am. Rep. 737). But where the instrument is one authorized by law to be recorded, and is in form and substance as required, and it has in fact been recorded, the record is primary evidence of the facts therein stated (Section 755, B. & C. Comp.), and it is proved by a certified copy.

2. The effect of plaintiff's recorded brand as evidence was for the jury, and the statutory *prima facie* case made by the record might be overcome by any competent proof. But this would not be a sufficient reason why it should not be admitted for whatever it might be worth. The court could not in a collateral

way, and on an objection to the admission of a certified copy in evidence, assume to determine whether the brand was in fact entitled to record. It is sufficient, so far as its competency is concerned, that it was in fact recorded, and was entitled to be. What the effect of the record may be is another question, in case two similar brands are of record.

3. Again, so far as the case in hand is concerned, the brand of plaintiff, as recorded by him, was not the same as that alleged to have been previously recorded by defendant, nor was it similar thereto within the meaning of the statute. The law provides that, when a brand has been recorded in any county, no other person, company, or corporation can record the same brand, or a brand similar thereto, except with the written consent of the owner of the brand so recorded: Section 4202, B. & C. Comp. The defendant's brand for horses, as claimed to have been recorded by him, consists of a loop resembling a horseshoe in shape, with the points either up or down, on either or both jaws. Also a similar loop or horseshoe with points up, and with a Greek cross immediately to the right of it on either hip. Plaintiff's brand, as first recorded, was for horses alone, and consists of a "Horseshoe, with bar under, on one or both jaws, and a horseshoe on one or both jaws." In August, 1903, he recorded his brand again, including therein one for sheep, as well as horses. In the certificate of adoption he states that this brand for horses is a horseshoe bar on either or both jaws or a horseshoe on either or both jaws, thus indicating that it might be a horseshoe with or without the bar. The property in controversy in this action is alleged by plaintiff, in his complaint, to have been branded with the Horseshoe Bar brand, and it was to prove ownership of the animals so branded that the certified copy of the record of his brand was offered in

evidence. In this regard there is no conflict between the brand of plaintiff and defendant. The defendant's brand for horses resembles a horseshoe, with points either up or down, while that of plaintiff is a horseshoe with open end down, and a bar immediately under it. They are therefore, in this respect at least, not the same, and a conflict in some other particular would be immaterial, and not render the entire brand, as recorded, ineffective as *prima facie* evidence of ownership of animals branded with the Horseshoe Bar brand.

4. Nor do we think that defendant's brand was in fact recorded as required by law. The legislature in 1887 passed an act providing for the appointment of a stock inspector in each of the counties of the State, and defining his duties. Among other things, he was required to keep a record book, in which he shall enter, as nearly complete as practicable, a description of the marks and brands with which each person in his county marks or brands his horses, cattle, sheep, or hogs: Section 4276, B. & C. Comp. It seems from the testimony that the record, thus required to be kept by the stock inspector of Lake County, in fact remained in the county clerk's office, and that it was the custom of the clerk, when certificates of brand were delivered to him, to enter a memorandum thereof in the stock inspector's book. In 1893 the legislature passed an act providing for the recording of stock brands, and making a certified copy thereof *prima facie* evidence of ownership. This act provides that, when a certificate of brand is delivered to the county clerk, in the form required by the statute, he shall "record said certificate in a book to be kept for that purpose" (Section 4201, B. & C. Comp.), which clearly contemplates that the certificate of brand as filed shall be recorded in full, and not the entry, in some book of what the clerk conceives to be a memorandum of its contents.

5. The effect as evidence of a certified copy of a recorded brand is purely statutory, and therefore a compliance with the requirements of the law is necessary, in order to give the brand such effect.

For these reasons, the judgment of the court below must be reversed, and the cause remanded for a new trial.                                    Reversed.