Argued October 16, decided October 22, 1912.

## VICTOR LAND CO. v. DRAKE.

(127 Pac. 27.)

**Vendor and Purchaser—Bona Fide Purchasers—Priority of Record.**

Priority of record of a subsequent deed from a common grantor does not give title against a prior unrecorded deed of which the subsequent grantee had actual notice.

From Multnomah: ROBERT G. MORROW, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by the Victor Land Company, a corporation, against Charles Emmett Drake. The complaint is in the usual form for determining an adverse claim to real property not in the actual possession of any other person than the plaintiff. The defendant, by his answer, denies all right of the plaintiff in the property, alleges title in himself by virtue of a tax sale of the premises as against W. J. Carter, the common grantor of the parties, and also sets up title by virtue of a conveyance direct from Carter to himself.

About this conveyance, the answer states that it was made for a valuable consideration and delivered by Carter to the defendant December 27, 1905, but that by oversight it was not recorded until March 30, 1910. The answer further alleges that, long after both these conveyances of land to the defendant under the tax title and from Carter direct, the plaintiff took title from Carter with actual knowledge of the previous unrecorded conveyance from Carter to the defendant, and with information by the record of conveyances under the tax title. He avers that plaintiff's claim upon the property constitutes a cloud upon the title, and prays that it be removed and the title quieted.

The reply denies the material allegations of the answer, and affirmatively alleges that, without knowledge

of the deed from Carter to the defendant, the plaintiff took title from Carter by a conveyance dated March 28, 1910, and recorded March 29, 1910. It also alleges that it purchased an outstanding mortgage, dated December 19, 1893, and executed by Carter prior to the sale of the premises, and afterwards it took title from Carter by virtue of the deed already mentioned, all without any notice of any claim by virtue of the deed of Carter to the defendant. It admits the notice imparted by the deed to the defendant under the tax title, but claims that the same was void.

After a hearing, the circuit court passed a decree for the defendant, to the effect that he is the owner in fee simple of the premises, that the claims of the plaintiff, both by its deed and the mortgage it claims to have purchased, are void and of no effect, and constitute a cloud upon defendant's title, which the decree removes, and that the title of the defendant in the property is quieted as against the plaintiff and its claims. From this decree the plaintiff has appealed.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Frank Schlegel.*

For respondent there was a brief over the names of *Messrs. Graham, Cleeton & Davis,* and *Mr. Wilber Henderson,* with an oral argument by *Mr. Wilford E. Farrell.*

MR. JUSTICE BURNETT delivered the opinion of the court.

It being conceded by the pleadings that the defendant's deed from Carter was not recorded until the day after the recording of plaintiff's deed from the same grantor, the case hinges upon the question of whether or not the plaintiff had actual notice of the former deed from Carter to the defendant. Although its deed was first recorded, yet, if the plaintiff had actual notice of

the prior conveyance from the common grantor to the defendant, the deed from Carter to the Victor Land Company would convey no title. *Musgrove* v. *Bonser,* 5 Or. 313 (20 Am. Rep. 737). The doctrine of this case has been approved by this court in *Manaudas* v. *Mann,* 14 Or. 450 (13 Pac. 449); *Jennings* v. *Kiernan,* 35 Or. 349 (55 Pac. 443: 56 Pac. 72); *Trust Co.* v. *Loewenberg,* 38 Or. 159, 168 (62 Pac. 647); *William* v. *First N. B.,* 48 Or. 571 (87 Pac. 890). A careful perusal of the testimony reported in the record convinces us that, by a strong preponderance, the defendant has established that the plaintiff had actual knowledge of the deed from Carter to the defendant long prior to the taking of conveyance from Carter to itself. This leads to the conclusion that the circuit court correctly decided the case, especially as the judge there had before him the witnesses who testified, and could estimate more accurately than we can the merits of their narratives.

The decree of the court is in all things affirmed.

AFFIRMED.