Argued September 14, affirmed as modified September 23, 1964

# HOUCK *v.* DARLING ET AL
### 395 P. 2d 445

*Donald H. Joyce,* Portland, argued the cause and filed a brief for appellant.

*David H. Fertig,* Portland, argued the cause and filed a brief for respondents.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

LUSK, J.

This is a suit to cancel a deed to real property, described as follows:

> "The West 12 ft. of Lot 4, and the East 30.5 ft. of the South ½ of Lot 5, all in Block 26, Caruthers Addition to the City of Portland, in the County of Multnomah, State of Oregon;"

The plaintiff alleged in his amended complaint that on August 31, 1960, the defendants, acting through one of them, Cecil H. Russell, "by fraud, duress and artifice, obtained an acknowledged and purported deed of conveyance" to the real property in question from the plaintiff; that a notary public was obtained to execute a form of acknowledgment on the deed, whereas in fact the plaintiff never acknowledged the deed before the notary public, and that the defendants, acting through Russell, caused the deed to be placed of record in the deed records of Multnomah County, Oregon.

The case was put at issue and after trial the court entered a decree denying the relief sought and declaring the deed valid. The plaintiff has appealed.

The plaintiff made his home on the property in question. The defendants, who are the children of his second wife (whom he married in June, 1961), are

the grantees in the deed. The deed reserves a life estate in the grantor.

■ No facts constituting fraud, duress or artifice, are alleged in the amended complaint, and there is no evidence to support the charge, or that the plaintiff lacked capacity to make a deed. The plaintiff signed and delivered the deed freely and voluntarily, and the court below was right in denying the relief of cancellation of the deed.

■ It is shown, however, without dispute, that the acknowledgment is false, as the grantor never appeared before the notary public who signed it. See ORS 93.410; 93.430 and 93.490. Such an abuse of the notarial authority is not to be passed by in silence. An acknowledgment is not essential to the validity of a deed as between the parties (*Williams v. First National Bank,* 48 Or 571, 576, 87 P 890; *Manaudas v. Mann,* 14 Or 450, 452, 13 P 449; *Goodenough v. Warren,* 5 Sawyer 494, 498, 10 Fed Cas 588, No. 5,534 (C.C. D. Or. 1879); *Eadie v. Chambers,* 172 F 73, 76 (9th Cir. 1909), 24 LRA NS 879); its purpose is to entitle the deed to be recorded (ORS 93.480) and a record of a deed bearing a false acknowledgment should be stricken. See 45 Am Jur 424, Records and Recording Laws § 11.

■ The amended complaint contains a prayer for general relief, and the allegations of the pleading are sufficient to support a decree expunging the record of the deed. See *Elliott v. Mosgrove,* 162 Or 507, 542-543, 91 P2d 852, 93 P2d 1070. It is so ordered.

With this modification, the decree is affirmed. No costs or disbursements will be allowed.