Argued October 9, 1969, affirmed February 27, 1970

BARKINS ET UX, *Appellants, v.* THE STUYVES-
ANT INSURANCE COMPANY ET AL,
*Respondents.*

465 P. 2d 696

*Gary M. Bullock,* Portland, argued the cause for appellants. With him on the brief was Lent, York, Paulson & Bullock, Portland.

No appearance was made or brief filed for respondents.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN,[*] DENECKE and HOLMAN, Justices.

## PERRY, C. J.

The facts in this case are that one Hiram Campbell was convicted of a felony and his bail set at $20,000. Campbell filed notice of appeal and subsequently his bail was set at $10,000.

At the request of Campbell's fiancee Lenora Hopkins, the plaintiffs agreed to assist in procuring a bail bond. They signed an agreement to indemnify the defendants and executed a promissory note in the sum of $4,000, secured by a trust deed on real property. The defendants then executed a bail bond in the sum of $10,000, and Campbell was released from the Oregon State Penitentiary pending his appeal.

Campbell was later arrested on another charge and again furnished bail. Subsequently he disappeared and his bail was forfeited by the trial court in both matters.

The plaintiffs then brought this suit to set aside and cancel the indemnity agreement, the trust deed and note executed by defendants on the ground of fraud. The trial court denied plaintiffs relief and on the cross complaint of the defendants entered judgment against plaintiffs for the sum of $4,000.

Plaintiffs' principal contention is that they were fraudulently induced by the defendants to execute the documents.

---

[*] Goodwin, J., resigned December 19, 1969.

Mrs. Barkins testified that she asked a Mr. Huston, agent of defendants, what would happen if Campbell was rearrested, and Mr. Huston stated: "No * * * if he is picked up for anything even traffic that we wouldn't be responsible for him." That after they had signed, she asked him again and he said "Well, I just tear this up and throw it in the wastebasket." Her testimony was corroborated by Mr. Barkins and Lenora Hopkins, but denied by Mr. Huston.

■ Fraud is not presumed and must be established by clear and satisfactory evidence. *Fahrenwald v. Hemphill*, 239 Or 421, 398 P2d 174.

■ We have carefully examined the record and agree with the finding of the trial court that plaintiffs' charge of fraud was not established.

■ The plaintiffs also contend that the trial court erred in decreeing the trust deed to be a valid instrument.

There is evidence from which it could be found that, although the signatures of the plaintiffs on the trust deed are valid, Mrs. Barkins did not execute that instrument before Mr. Huston as a notary public.

An acknowledgment is not essential to the validity of an instrument between the parties. *Houck v. Darling*, 238 Or 484, 395 P2d 445.

The decree of the trial court is affirmed.