Argued May 25, reversed June 13, 1916.

# ROBINSON *v.* SCOTT.

(158 Pac. 268.)

**Divorce Decree—Property Rights—Extraterritoriality.**

1.  A decree of divorce rendered in Washington Territory, and subsequently modified by the Superior Court of Pierce County, Washington, when the statute empowered the court to give either spouse any or all of the property in its discretion, conferred upon the wife no title to land which the husband had in Oregon, since the Washington statute was confined in its operation to the property of parties within that state, and the decree did not so operate upon Section 511, L. O. L., relating to the disposition of real property by divorce decrees, as to convey any estate in the Oregon lands, as that provision applies to decrees rendered in Oregon.

**Taxation—Assessment—Designation of Owner.**

2.  An assessment of land to "J. P. Walker and to all owners and claimants known or unknown" was void, and rendered the tax sale and deed void.

**Vendor and Purchaser—Bona Fide Purchaser—Actual Notice.**

3.  Where a vendor, before delivering his deed, fully informed the purchaser of the vendor's contract with a third party and that a deed had been placed in escrow for such third party, the purchaser acquired no interest which he could assert against such party.

**Abatement and Revival—Death—Statute.**

4.  Section 38, L. O. L., made applicable to suits in equity by Section 395, providing that no action shall abate by the death of the party if the cause of action survive or continue, and that in case of the party's death the court may allow the action to be continued against his successor in interest, contemplates the existence and pendency of an action at the time of the death, and did not apply where the party named therein as sole defendant had died several months before the filing of the complaint, as there was then no defendant at all and no action to abate or continue.

**Action—Persons Liable—Defendant.**

5.  The very existence of a cause of suit implies that there is some competent person to be sued, and for that reason a suit cannot be maintained if a defendant is lacking.

**Abatement and Revival—Death—Judgment.**

6.  Where the party named by the complaint as sole defendant died before the filing of the complaint, a judgment against such party would have been a nullity, and the complaint upon which the judgment was based would be as much of a nullity as the judgment itself.

[As to law governing survival of action, see note in Ann. Cas. 1914B, 114.]

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 2.    Statement by MR. JUSTICE HARRIS.

H. N. Scott having filed a disclaimer, the parties who are now waging this contest are the plaintiff, W. M. Robinson, and the defendant, Victor Land Company, a corporation. Robinson and the corporation are each asserting title adverse to the other in two lots in Portland, Oregon, and each is attempting to free such title from certain described clouds. The plaintiff traces his claim of title to two deeds: (1) A quitclaim deed from Walter A. Goss, and (2) a quitclaim deed from Florence C. Roberts, George Rhett Walker and Anne Walker, his wife. The defendant offers to sustain its title with: (1) A quitclaim deed from Helen L. Walker; (2) a bargain and sale deed from Martha Neeley and James Neeley; and (3) a decree against Florence Raymond, George S. Raymond, Rhett G. Walker and Anne Walker. Robinson is attempting to remove the clouds created by the Helen L. Walker deed, the Neeley deed, the decree against Florence Raymond and others, and a quitclaim deed signed by Ernest House and Marie House. The Victor Land Company is striving to dissipate the clouds cast by the deed signed by Florence C. Roberts, George Rhett Walker, and his wife, and the deed given by Walter A. Goss. The story of the title may be written in four chapters: (a) A divorce suit maintained by Helen L. Walker against J. S. Walker, her husband; (b) a tax sale; (c) a decree purporting to quiet the title of the Victor Land Company against Florence Raymond, George S. Raymond, Rhett G. Walker and Anne Walker; and (d) the deed executed by Florence C. Roberts, George Rhett Walker and Anne Walker. The deed from Helen Walker to the company is referable

to the divorce suit. The history of the tax sale includes the deed from Goss to Robinson and the two deeds delivered to the corporation by the Houses and the Neeleys. The decree in the suit prosecuted by the Victor Land Company stands as a chapter by itself, although a discussion of the decree necessarily involves a narrative of the circumstances surrounding the execution of the deed from Florence C. Roberts and others. The four chapters will be recited in the order in which they have already been given. J. S. Walker was the record owner of the lots involved in this suit, and was the husband of Helen L. Walker when, in 1888, she commenced a suit for divorce against him in the District Court for Pierce County, Washington Territory, both parties being residents of Washington Territory; and on November 9th of that year she obtained a decree granting her a divorce, the custody of the children, Florence C. Walker and Rhett G. Walker, and adjudging her the owner of certain real property in Washington Territory. On April 14, 1908, Helen L. Walker caused a guardian *ad litem* to be appointed for J. S. Walker, who was at that time in an insane asylum in Washington, and then on the same day upon her motion the Superior Court for Pierce County, Washington, amended the divorce decree by declaring that Helen L. Walker owned the lots in Oregon. The parties stipulated that:

"The laws of the State of Washington provide that in a suit for the dissolution of the marriage contract, the court is given the power under the statute to give to either spouse any or all of the property, within its discretion."

Afterward on August 30, 1910, Helen L. Walker quitclaimed the lots to the Victor Land Company. The two lots were assessed for the year 1894 to "J. P.

Walker and to all owners and claimants, known and unknown." The taxes not having been paid, the sheriff sold both lots for a lump sum at a tax sale to Ernest House. House assigned his certificate of sale to W. H. Lutz, who received a tax deed from the sheriff on November 29, 1901. Lutz afterward conveyed to Walter A. Goss, who in turn quitclaimed to the plaintiff on March 15, 1905. Subsequently, on June 30, 1906, the plaintiff quitclaimed to Martha Neeley and James Neeley, but the Neeleys afterward on December 22, 1909, entered into a contract to resell the lots to Robinson, and it was agreed that the latter would be entitled to receive a quitclaim deed, which was in escrow, when all the purchase price was paid. Robinson paid the consideration and obtained the deed on April 17, 1911. The Victor Land Company received a quitclaim deed from Ernest House and wife on November 18, 1899, and a bargain and sale deed from Martha Neeley and James Neeley on March 23, 1911; but when the latter deed was delivered, the company had knowledge of the contract between the Neeleys and Robinson. J. S. Walker died on April 18, 1913. Not knowing of his death, the Victor Land Company commenced a suit to quiet title to the two lots on October 29, 1913, against J. S. Walker in the Circuit Court for Multnomah County, Oregon. An order was made for the publication of summons, but shortly afterward the Victor Land Company filed an affidavit, averring that "J. S. Walker died since the commencement of this suit," and that the only heirs at law are Rhett G. Walker and Florence C. Raymond, and that Anne Walker is the wife of Rhett G. Walker while George S. Raymond is the husband of Florence C. Raymond. On December 8, 1913, the court ordered:

"That said Rhett G. Walker and Anne Walker, his wife, Florence C. Raymond and George S. Raymond,

her husband, be, and they are hereby, substituted and made defendants in this suit in place of J. S. Walker, and it is hereby ordered by the court that the names of said substituted parties be written in and placed in the complaint in this suit."

The names of the substituted defendants were written in the title only of the complaint which had been filed against J. S. Walker, but otherwise that pleading remained exactly as it was when originally filed. On January 26, 1914, the court ordered that the summons be served on the substituted defendants by publication in a newspaper. The summons was entitled against "J. S. Walker, Defendant Florence C. Raymond, George S. Raymond, Her Husband, Rhett G. Walker and Anne Walker, His Wife, substituted for J. S. Walker, Defendants." It was addressed, "To Florence Raymond, George S. Raymond, Rhett G. Walker and Anne Walker, the above-named Defendants," and it advised the defendants that the Victor Land Company intended to apply for a decree adjudging the corporation to be the owner of the lots and barring the defendants from asserting any claim in the land. The summons was published and a copy of it, together with a copy of the "complaint herein," were "mailed to each of said defendants at their postoffice address." None of the defendants appeared in the suit, and consequently on March 19, 1914, the court entered the default of the substituted defendants, and decreed that the Victor Land Company was the owner of the land as against those defendants. On March 19, 1914, the same day that the decree was rendered, "Florence C. Roberts, widow, and George Rhett Walker, his wife, the heirs at law of Johnson S. Walker, deceased, executed a quitclaim deed" to Arthur L. Pressy, who was really a trustee for W. M. Robinson, and then Pressy

quitclaimed to Robinson on March 23, 1914. After a trial the Circuit Court decreed the Victor Land Company to be the owner in fee simple of the lots, and declared that W. M. Robinson possessed no interest in the property. The plaintiff appealed.

REVERSED. DECREE RENDERED.

For appellant there was a brief over the names of *Mr. Edward A. Lundburg* and *Mr. C. O. Garmire,* with an oral argument by *Mr. Lundburg.*

For respondent there was a brief and an oral argument by *Mr. Frank Schlegel.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. Neither the decree of divorce rendered in Washington Territory nor the subsequent modification of that decree by the Superior Court of Pierce County, Washington, conferred upon Helen L. Walker any title which her husband had to land in Oregon, and consequently the quitclaim deed which Helen L. Walker made to the Victor Land Company on August 30, 1910, was worthless, for the reason that she had no interest to convey. The divorce decree which Helen L. Walker obtained in Washington did not so operate upon Section 511, L. O. L., as to convey to her any estate in the Oregon land, because that provision of the Code applies to decrees rendered in Oregon: *Barrett* v. *Failing* (C. C.), 3 Fed. 471 (6 Sawy. 473); *Barrett* v. *Failing,* 111 U. S. 523 (28 L. Ed. 505, 4 Sup. Ct. Rep. 598). While it is true that the law of Washington authorizes a court of that state to "give to either spouse any or all of the property," still the Washington court was without power to pass to Helen

L. Walker the title to land in Oregon, because the Washington statute is "confined in its operation to the property of the parties within that state: *Barrett* v. *Failing* (C. C.), 3 Fed. 471, 477 (6 Sawy. 473, 480); 14 Cyc. 728; 23 Cyc. 1548.

2. None of the deeds which trace their origin to the tax sale transferred any title. Applying the doctrine announced in *Lewis* v. *Blackburn,* 42 Or. 114 (69 Pac. 1024), where the court was governed by the same statutes which existed when the instant tax sale was made, the tax deed given by the sheriff to W. H. Lutz was void, because it showed on its face that the assessment had been made to "J. P. Walker and to all owners and claimants, known or unknown": *Stitt* v. *Stringham,* 55 Or. 89, 93 (105 Pac. 252); *Crane* v. *Oregon R. & N. Co.,* 66 Or. 317, 326 (133 Pac. 810); *Martin* v. *White,* 53 Or. 319, 323 (100 Pac. 290); *Grotefend* v. *Ultz,* 53 Cal. 666; *Grimm* v. *O'Connell,* 54 Cal. 522; *Russ & Sons Co.* v. *Crichton,* 117 Cal. 695 (49 Pac. 1043). The quitclaim deed executed on March 15, 1905, by Walter A. Goss to Wm. M. Robinson therefore failed to transfer any title to the lots. The deed which the Houses made to the Victor Land Company on November 18, 1899, was inoperative, not only because the tax sale was affected by a fatal error, but also for the reason that the Houses had previously transferred all their interest to Lutz.

3. The corporation acquired no interest which it can assert against Robinson when the Neeleys made a deed to the Victor Land Company on March 24, 1911, because before delivering the instrument the Neeleys fully informed the company of the contract with Robinson and the deed which had been placed in escrow for him: *Musgrove* v. *Bonser,* 5 Or. 314 (20 Am. Rep. 737); *Victor Land Co.* v. *Drake,* 63 Or. 210 (127 Pac.

27). Even though it be assumed that the tax deed was valid, nevertheless the Victor Land Company received nothing from the deed made by the Houses, because they had already conveyed to Lutz and had nothing left to transfer to the corporation, and the company gained nothing from the deed made by the Neeleys, for the reason that they notified the company of the transaction with Robinson; and therefore, if it be assumed that the tax sale was valid, the Victor Land Company profited nothing from it, while the plaintiff acquired title when he received the deed from Goss, and, having parted with such title by delivering the deed to the Neeleys, he nevertheless reacquired the same title when he afterward received a deed from the Neeleys.

The quitclaim deed made on March 19, 1914, to Arthur L. Pressy by Florence C. Roberts, George Rhett Walker and Anne Walker, "as heirs at law of Johnson S. Walker, deceased," may be considered along with the decree which was rendered on the same day against Florence Raymond, George S. Raymond, Rhett G. Walker and Anne Walker. While there is a dissimilarity between the names, excepting that of 'Anne Walker, found in the deed and those appearing in the decree, still if we assume that the persons who signed the deed are all included in the decree, then it will follow that if the decree is valid, the deed conveyed nothing, but if the decree is ineffective, the deed transferred the land: *Jennings* v. *Kiernan,* 35 Or. 349 358 (55 Pac. 443, 56 Pac. 72). It sufficiently appears that the signers of the deed are the heirs at law of J. S. Walker, and for the purposes of this discussion we shall assume that they are also among the defendants mentioned in the decree. In passing, but without deciding its effect, we call attention to the fact that the complaint upon which the decree was rendered only

mentions the heirs in the title of the cause, while their names nowhere appear in the body of the complaint, so that if the pleading were stripped of its title, it would contain no intimation of a suit against anyone except J. S. Walker, and it would only inform the reader that the plaintiff owned the land, that the defendant J. S. Walker claimed some interest without right, and that the plaintiff prays for a decree to the effect that plaintiff owns the property, and that "the defendant" has no interest whatever.

4–6. It will be recalled that J. S. Walker died on April 18, 1913, and that the Victor Land Company did not commence the suit until several months afterward, the complaint having been filed on October 29, 1913. Robinson argues that the suit was a nullity because commenced against a dead man, while the company contends that the court had jurisdiction to substitute the heirs for the dead ancestor. Both litigants rely upon *White* v. *Johnson,* 27 Or. 282 (40 Pac. 511, 50 Am. St. Rep. 726), to support their variant conclusions. A. H. Johnson, the original defendant in that case, was a living person at the time of the filing of the complaint, although he died soon afterward without having been served with summons. The facts and principles involved in that action were so materially different from the situation presented by the instant suit that no statement made there is decisive here; nor is much aid to be derived from the sequels to *White* v. *Johnson,* found in *White* v. *Ladd,* 34 Or. 422 (56 Pac. 515), and *White* v. *Ladd,* 41 Or. 324 (68 Pac. 739, 93 Am. St. Rep. 732).

Section 38, L. O. L., made applicable to suits by Section 395, L. O. L., provides that no action shall abate by the death of a party if the cause of action survive or continue; and, in case of the death of a party, the

court may, within one year thereafter, on motion, allow the action to be continued against his successor in interest. Section 38 plainly contemplates the existence and pendency of an action at the time of the death, and unless such action has already been commenced, that section has no application. It speaks of the abatement of an action as distinguished from a cause of action. If an action or proceeding has been commenced on a cause of action, then the action or proceeding may be continued if a party dies and the cause of action survives.

When the complaint was filed it named J. S. Walker as the sole defendant, but he had died several months before the filing of the complaint, and consequently there was in reality no defendant at all. The very existence of a cause of suit implies that there is some competent person to be sued, and for that reason a suit cannot be maintained if a defendant is lacking: 1 C. J., p. 982, § 84; *Fruitt* v. *Anderson*, 12 Ill. App. 421; *In re Hurst Home Ins. Co.*, 23 Ky. Law Rep. 940 (64 S. W. 512); *Green* v. *McMurtry*, 20 Kan. 189. There was no existing defendant at the time the complaint was filed, and therefore there was no action to abate or to continue or to which Section 38 could be applied: *Crowdus' Admr.* v. *Harrison*, 9 Ky. Law Rep. 58. A judgment against J. S. Walker would have been a nullity (*Hurst* v. *Fisher*, 1 Watts & S. (Pa.) 438; *Humphreys* v. *Irvine*, 14 Miss. (6 Smedes & M.) 205; *Service Lumber Co.* v. *Sumpter Valley Ry. Co.*, *post*, p. 32 (152 Pac. 262, 265); 1 C. J., p. 136), and the complaint upon which judgment was based would be as much of a nullity as the judgment itself. Since there was no action, there was nothing to amend or continue: *Brooks* v. *Boston & Northern Street Ry.*, 211 Mass. 277 (97 N. E. 760); *Ex parte Collins*, 49 Ala. 69; *Proprietors*

*of Mexican Mill* v. *Yellow Jacket Silver M. Co.*, 4 Nev. 40 (97 Am. Dec. 510). When the complaint was filed the Victor Land Company had a cause of suit against the heirs, and not against the ancestor, because the death of the latter operated to transfer to the heirs any interest which J. S. Walker may have had in the land at the time of his death. It is true that this complaint recited a name as a defendant, but that name only signified a memory, because it had ceased to represent a living person. It was impossible for the Victor Land Company to sue a memory or to litigate with a corpse. No suit was pending because there was no defendant. There was nothing to amend or to build upon. The attempted proceeding against the ancestor was a nullity, and the decree against the heirs was no better. The decree against the heirs not being valid, it necessarily follows that the Victor Land Company fails in this suit, and the plaintiff prevails. The decree of the Circuit Court is reversed, and the plaintiff is granted the relief prayed for in the complaint. REVERSED. DECREE RENDERED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE McBRIDE concur.

---

Motion to recall mandate denied June 20, 1916.