RAFAEL BERNABE ET AL., Petitioners, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 611. Argued April 9, 1928.—Decided July 28, 1928.

*M. Benítez Flores* for the petitioner. *F. Soto Gras* for the intervenor, plaintiff in the principal action.

Mr. Justice Wolf delivered the opinion of the court.

The petitioners were the named defendants in a suit of unlawful detainer begun in the District Court of San Juan in the name of José Joglar Díaz. The defendants appeared specially to attack the jurisdiction of the court because of defects in the summons. On the 8th of March, 1928, the court overruled the motion of the defendants attacking the jurisdiction and setting the first appearance of the defendants for the 14th of March, 1928. On the 13th of March, 1928, a motion to amend the complaint was filed. The motion recited in effect that on account of the misinformation received by the attorney who filed the suit the action was begun in the name of José Joglar Díaz when in point of fact the said José Joglar Díaz was dead; that the heirs were the continuators of the personality of the said José Joglar Díaz and permission was asked to amend the said complaint to substitute the said heirs for the said named plaintiff. This is perhaps stating the case a little strongly for the respondents inasmuch as the motion recited that "now appears the complainant." In other words, the motion to amend was made in the name of a person who was dead. The court held that the case involved solely the substitution of the personality of the plaintiff by that of his heirs; that although the plaintiff was dead when the complaint was filed, as the same cause of action was involved and the heirs substituted for the personality of the plaintiff, the motion should be granted. The writ of certiorari was requested on two grounds, namely, the defects in the summons and granting the motion to amend. As the latter ground is primordial and jurisdictional and must prevail, we shall alone consider it.

It is perfectly clear that once a court acquires jurisdiction over a cause of action it may go to great lengths in admitting amendments and exercise the power liberally. This is the effect of some of the citations of the respondent. 20 R.C.L. 697–8; 21 R.C.L. 584. *Reclamation District No. 673* v. *Diepenbrock,* 168 Cal. 577, was a case of a mistake in the name of a plaintiff over whom the court had jurisdiction, "a mere misnomer," as the court said. *Lilly* v. *Tobbein,* 103 Mo. 887, 15 S. W. 618, was a case where a will was offered for probate by an unincorporated association and its members were substituted, always in the interest of a church. So far as the case may contain any pronouncement inconsistent with this opinion we should not follow it. Other cases cited by the respondent show that even entirely new causes of action may be brought by amendment. We shall not analyze all the citations of the respondents because we are satisfied that the positive law is against them. Every action must have parties competent to sue and for and against whom judgment may be rendered, says 1 C. J. 982. Cases supporting the text are *In re Hurst Home Ins. Co.,* 64 S. W. 512; *Patterson* v. *Patterson,* 95 N. Y. 574, 17 A. R. 384; *Gronna* v. *Goldman,* 26 N. D. 112, 143 N. W. 394; *Robinson* v. *Scott,* 81 Or. 20, 158 Pac. 268, 271. In *Patterson* v. *Patterson, supra,* it is said that a cause of action implies a right to bring an action and some one who has a right to sue.

*Williams* v. *Dean,* 131 S. E. 1, was a case where an appeal was taken by a dead woman. The court said: "Suits must be brought by persons who are alive. The same rule applies to appeals to this court."

*Brooks* v. *Boston & Northern Street Railway,* 211 Mass. 277, is analogous to the case at bar. "The question is," said the court, "where an action for personal injuries can be maintained, which is brought after the death of the person injured and before the appointment of an executor or administrator, in which the dead person is named as party plaintiff." The cause of action was not extinguished by the

death. "An action at law implies by its very terms the existence of a person who has the right to bring the action," the court went on to say, citing *Patterson* v. *Patterson, supra.* "It is axiomatic that a corpse is not a person."

Then the court said:

"It is urged, however, that under our statute allowing amendments, the administrator now appointed may be substituted as party plaintiff. The essential words of that statute, R. L. c. 173, par. 48, are that 'the court may . . . allow any other amendment in matter of form or substance in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought.' This language in plain words indicates the existence of a real plaintiff as the original instigator of the action. It gives no countenance to the idea that something phantasmal and visionary may be given a body and a substance by the aid of subsequent events. It presupposes a plaintiff. Here there was no plaintiff. It assumes an intent. The amendment must be bottomed on an intent contemporaneous with the bringing of the action. But one who is dead can not have an intent in any earthly sense."

The action was a nullity, the court declared. So was this one. Section 25 of the Civil Code provides: "Personality and civil capacity are extinguished by death." The court never acquired jurisdiction because there was no cause of action before it. There was no room for amendment because there was nothing before the court. The heirs succeeded to the personality of their ancestor, but the latter had no possibility of an action before the court.

The order allowing the amendment should be annulled and the action dismissed.