Rafael Bernabe y Gregorio Mariñelarena, peticionarios, *v.* La Corte de Distrito de San Juan, Hon. Pablo Berga, Juez, demandada.

No. 611.—*Visto:* Abril 9, 1928. *Resuelto:* Julio 28, 1928.

*M. Benítez Flores,* abogado del peticionario; *F. Soto Gras,* abogado del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Los peticionarios son los demandados nombrados en un pleito de desahucio entablado ante la corte de Distrito de San Juan a nombre de José Joglar Díaz. Los demandados comparecieron especialmente para atacar la jurisdicción de la corte, por defectos en el emplazamiento. El 8 de marzo de 1928, la corte declaró sin lugar la moción de los demandados atacando la jurisdicción, y señaló la primera comparecencia de los demandados para el 14 de marzo de 1928. El 13 de marzo del mismo año se radicó una moción para enmendar la demanda. La moción decía, en efecto, que a causa de una información errónea recibida por el abogado que radicó el pleito, el litigio fué instituido a nombre de José Joglar Díaz, cuando en realidad de verdad dicho José Joglar Díaz había fallecido; que los herederos eran los continuadores de la personalidad de dicho José Joglar Díaz, y se solicitaba permiso para enmendar la citada demanda a fin de que los herederos mencionados sustituyeran al demandante. Esto equivale tal vez a exponer el caso en forma algo fuerte para los querellados, ya que la moción decía "comparece ahora el demandante." En otras palabras, la moción para enmendar se hizo a nombre de una persona que había muerto. La corte resolvió que el caso envolvía únicamente la substitución de la personalidad del demandante por la de sus herederos; que, aunque el demandante había muerto cuando la demanda fué radicada, como estaba envuelta la misma causa de acción y los herederos substituían la personalidad del demandante, debía declararse con lugar la moción. Se solicitó entonces un auto de *certiorari* por dos fundamentos, o sea, por los defectos en el emplazamiento, y por haberse declarado con lugar la moción para enmendar. Ya que el último fundamento es primordial y jurisdiccional y debe prevalecer, será el único que consideraremos.

Es perfectamente claro que una vez que una corte adquiere jurisdicción sobre una causa de acción puede extenderse ampliamente en la concesión de enmiendas y ejercer ese poder liberalmente. Tal es el efecto de algunas de las citas hechas por los querellados. 20 R.C.L. 697–8; 21 R.C.L. 584. El caso de *Reclamation District No. 673* v. *Diepenbrook*, 168 Cal. 577, fué uno en que había una equivocación en el nombre del demandante, sobre quien la corte había adquirido jurisdicción "un mero error de nombre," según dijo la corte. El caso de *Lilly* v. *Tobbein*, 103 Mo. 887, 15 S. W. 618, fué uno en que una asociación no incorporada presentó un testamento a la corte para su aprobación, substituyéndose el nombre de sus miembros, lo que se hizo en beneficio de la Iglesia. En tanto en cuanto el caso pueda contener algún pronunciamiento inconsistente con esta opinión, no debemos seguirlo. Otros casos citados por los querellados demuestran que aún pueden adicionarse causas de acción enteramente nuevas por medio de enmiendas. No analizaremos todas las citas hechas por los querellados, ya que estamos convencidos de que la ley positiva les es adversa.

Toda acción debe tener partes con capacidad para demandar y ser demandadas, y a cuyo favor y contra pueda dictarse sentencia—dice 1 C. J. 982. Los casos que sostienen al texto son *In re Hurst Home Insurance Co.*, 64 S. W. 512; *Patterson* v. *Patterson*, 59 N. Y. 574, 17 A. R. 384; *Gronna* v. *Goldman*, 26 N. D. 112, 143 N. W. 394; *Robinson* v. *Scott*, 81 Ore. 20, 158 Pac. 268, 271. En el caso de *Patterson* v. *Patterson, supra,* se dice que una causa de acción implica el derecho de entablar un pleito y alguien que tiene derecho a demandar.

El caso de *Williams* v. *Dean*, 131 S. E. 1, era uno en que se interpuso un recurso de apelación a nombre de una señora fallecida. La corte dijo: "Los pleitos deben ser entablados por personas vivas. La misma regla debe aplicarse a las apelaciones para ante este tribunal."

El caso de *Brooks* v. *Boston & Northern Street* Ry., 211

Mass. 277, es análogo al presente. "La cuestión es," dijo la corte, "cuándo puede sostenerse una acción por daños causados a una persona, cuando esa acción es entablada después de la muerte de la persona lesionada, y antes de que se nombre un albacea o administrador, y en ella se designa al interfecto como demandante." La causa de acción no se extinguió por la muerte. "Una acción en derecho implica, por sus propios términos, la existencia de una persona con derecho a entablarla," continúa diciendo la corte, citando el caso de *Patterson* v. *Patterson, supra*. "Es axiomático que un cadáver no es una persona." Entonces, la corte dijo:

"Se insiste, sin embargo, en que de acuerdo con el estatuto que permite enmiendas, el administrador que se ha nombrado puede sustituir a la parte demandante. Las palabras esenciales de ese estatuto, R. L. c. 173, párrafo 48, son: 'la corte puede . . . . . conceder cualquier otra enmienda en materia de forma o substancia en cualquier causa, alegación o procedimiento, que permita al demandante sostener el pleito por la causa de acción que se tuvo la intención de ejercer.' Este lenguaje en términos claros indica la existencia de un verdadero demandante como el iniciador original del litigio. Esto no da peso a la idea de que pueda dársele cuerpo y substancia a algo fantasmagórico y visionario, con la ayuda de acontecimientos posteriores. Presuponen un demandante. Aquí no hubo tal demandante. Asumen una intención. La enmienda debe basarse en una intención contemporánea a la institución del litigio. Pero una persona muerta no puede tener intención alguna en ningún sentido terrenal."

La corte declaró que la acción era nula. También lo era ésta. El artículo 25 del Código Civil dispone: "La personalidad y capacidad jurídica se extinguen por la muerte." La corte nunca adquirió jurisdicción, porque nunca tuvo ante sí causa de acción alguna. No había lugar a enmiendas, ya que nada había ante la corte. Los herederos suceden al antecesor. Pero no era posible que este último entablara una acción ante la corte.

*Debe anularse la resolución permitiendo la enmienda, y desestimarse la acción.*