JUSTINA RENTAS, en su carácter de madre con patria potestad sobre sus menores hijos MANUEL LEOPOLDO, JOSEFA y ANTONIO POU RENTAS, demandante y apelada, *v.* JOSÉ POU GÓMEZ, demandado y apelante.

No. 5427.—*Sometido:* Marzo 12, 1931. *Resuelto:* Junio 12, 1931.

*Felipe Colón Díaz,* abogado del apelante; *R. Atiles Moreu,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

■ José Pou Gómez era el padre de ciertos hijos naturales a quienes reconoció. Al tiempo de instarse este litigio, estaba casado con una mujer que no era la madre de dichos hijos naturales. La madre de los aludidos hijos, Justina Rentas, entabló pleito para obligar al citado José Pou Gómez a que pasara alimentos a los ameritados hijos. Justina Rentas interpuso este procedimiento en su carácter de madre natural con patria potestad sobre dichos menores. Se presentó la debida objeción de que la patria potestad no correspondía a Justina Rentas, sino al padre natural, José Pou Gómez. La objeción fué sostenida, y nadie pone ahora en tela de juicio lo acertada de esa decisión.

Entonces la corte actuó tratando de remediar la situación de la demandante. Usó de su discreción para nombrar a Justina Rentas como defensora de los hijos naturales, y así permitió que prosiguiera el litigio. El demandado insistió en que el pleito debía ser archivado; que debía instarse uno nuevo en el cual figurara la madre como tutora de los hijos naturales, haciéndole al demandado la debida notificación. La corte declaró sin lugar la objeción y el demandado anotó excepción.

Hemos examinado la demanda, y no hallamos que en forma alguna fuese radicada a nombre de los menores. Fué claramente entablada a nombre de Justina Rentas en su

carácter de madre con patria potestad. Los hijos tal vez, y casi seguramente, tenían una causa de acción contra su padre, pero la demanda no fué interpuesta a nombre de ellos.

De varias decisiones de este tribunal es evidente que una demanda entablada a nombre de cierto demandante no puede ser enmendada para iniciar una acción que en alguna forma corresponda al demandante original. *J. Ochoa & Hno.* v. *González Clemente*, 29 D.P.R. 1015; *Bernabe* v. *Corte de Distrito*, 38 D.P.R. 723.

Aun si el presente fuese considerado como un pleito entablado por los menores, el procedimiento fué irregular e inadecuado. El artículo 57 del Código de Enjuiciamiento Civil dispone:

"Cuando se nombre defensor, el nombramiento deberá hacerse como sigue:

"1. Cuando el menor es demandante, a petición de éste, si tuviere catorce años cumplidos; y si tuviere menos edad, a petición de un pariente o amigo del menor.

"2. Cuando el menor es demandado, a petición del mismo, si tuviere catorce años cumplidos, y presentare dicha petición dentro de los diez días de hecha la citación; si fuere menor de catorce años, o dejare de presentar la petición como queda dicho, entonces a solicitud de cualquiera otra parte en el litigio entablado, o de un pariente o amigo del menor.

    \*      \*      \*      \*      \*      \*    \*''

Dos de los menores pasaban de catorce años de edad, no radicaron petición alguna, ni comparecieron en corte. Uno de los menores tenía doce años, y aun en ese caso no se siguió el estatuto. Que debe seguirse el procedimiento es la inevitable inferencia de las siguientes autoridades: *Johnston* v. *Southern Pacific Co.*, 150 Cal. 535; *Skinner* v. *Knickrehm*, 10 Cal. App. 596; Bancroft's Code Remedies, 6534, párr. 4847, notas 20 y 1.

*Debe revocarse la sentencia y declararse sin lugar la demanda.*