Submitted on remand from the Oregon Supreme Court November 19, 1993, affirmed February 9, 1994

Wanda Jean ALLISON
and Kenneth Allison,
*Appellants,*

*v.*

Jeffrey KLEINMAN,
*Defendant,*

*and*

Harley ROBERTS,
*Respondent.*

(A8702-01288; CA A66368)

868 P2d 764

Michael L. Williams argued the cause for appellants. With him on the opening brief was Williams, Troutwine & Bowersox, P.C. With him on the reply brief was Williams & Troutwine, P.C.

John R. Barker argued the cause for respondent and joined the brief of Frank R. Hilton, Jr., Schwab, Hilton & Howard and Bittner & Barker, P.C.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

This appeal is on remand from the Supreme Court. 317 Or 604, 858 P2d 1308 (1993). Plaintiffs appeal a judgment that dismissed claims in their amended complaint on the ground that the statute of limitations had expired on those claims. They contend that the court erred because the dismissed claims relate back to claims that were timely filed in the original complaint. In our original opinion, we affirmed the trial court's dismissal. Plaintiff petitioned for review in the Supreme Court. The court vacated and remanded the case to us for reconsideration in the light of its decision in *Caplener v. U.S. National Bank*, 317 Or 506, 857 P2d 830 (1993). We affirm.

In reviewing a motion to dismiss, we assume that the allegations in the complaint are true. *Glubka v. Long*, 115 Or App 236, 238, 837 P2d 553 (1992). In our original opinion, we set forth the facts:

> "Plaintiffs filed a complaint for professional negligence against Accountant Roberts and Attorney Kleinman in February, 1987. They alleged that they had employed defendants to advise them on the sale of equipment that they owned to their business, Paper Transportation Specialists (PTS), in June, 1984. They also alleged that defendants advised them on the sale of PTS to Edy Trucking (Edy) at the same time. Defendants assured plaintiffs that they were fully secured by taking a security interest in the stock of PTS. PTS and Edy filed for bankruptcy in 1985, and the PTS stock became worthless. Plaintiffs alleged that defendants were negligent in failing to advise them to take a security interest in unencumbered PTS assets, in addition to their security interest in the company's stock.

> "Plaintiffs filed an amended complaint in March, 1988, and repeated their allegation that defendants had negligently failed to advise them to take a security interest in the PTS assets. They also alleged that defendants negligently failed to detect that plaintiffs and PTS had not paid federal fuel excise taxes for several years and that defendants 'fail[ed] to advise plaintiffs that they or PTS should have been paying federal fuel excise taxes on a regular basis prior to June, 1984.' Defendants moved to dismiss the new allegations on the ground that the complaint stated a new cause of action that was barred by the Statute of Limitations. The

court dismissed the new allegations with prejudice and dismissed the reiterated allegations without prejudice." *Allison v. Kleinman*, 116 Or App 34, 36, 840 P2d 109 (1992).

ORCP 23C provides, in part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Plaintiffs argue that the new allegations relate back to the negligence claim in their original complaint, because defendants' failure to advise them about the excise fuel taxes arose from the same transaction.

In *Caplener*, the plaintiff originally filed a breach of contract claim and then, in an amended complaint, alleged additional tort claims. The court held that the additional claims must be analyzed to determine whether they

" 'arose out of the conduct, transaction, or occurrence' originally pleaded and, if so, whether the original pleading sufficiently apprised [the opposing party] of litigation concerning such conduct, transactions, or occurrences so as to serve as 'the notice that the statute of limitations was intended to assure.' [*Welch v. Bancorp Management Services*, 296 Or 208, 221, 675 P2d 172 (1983), *modified* 296 Or 713 (1984).]" 317 Or at 522.

Here, plaintiffs alleged, as a new claim, that defendants, while advising them about tax matters and structuring the sale of PTS, negligently failed to detect that plaintiffs and PTS had not paid federal fuel excise taxes for several years.

For purposes of ORCP 23C, it is not enough to allege only that the conduct occurred at the same time as the conduct alleged in the original claim. In addition to focusing on when the conduct alleged in the amended pleading occurred, the *Caplener* court also examined the new claims to determine whether they " 'arose out of' " or "directly involve[d]" the occurrence that was originally alleged. 317 Or at 522.

Here, no facts, in either the original or amended complaint, could be understood to allege that, because defendants failed to properly secure the assets, they are also liable

for failing to advise plaintiffs of delinquent taxes. The original complaint does not contain language concerning tax advice or anything that "directly involve[s]" the alleged failure to give advice on delinquent taxes.[1] Applying *Caplener*, we again conclude that the original complaint did not sufficiently apprise defendants that there could be subsequent litigation concerning tax advice so as to serve the " 'notice that the statute of limitations was intended to assure.' " 317 Or at 522.

The new allegations in the amended complaint do not relate back to the original complaint, and they are barred by the statute of limitations. The court correctly dismissed them with prejudice.

Affirmed.

---

[1] Only the amended complaint alleges that defendants' failure to advise plaintiffs about taxes is related to defendants' failure to advise plaintiffs to take a security interest in PTS' unencumbered assets.