Argued and submitted December 6, 1993, reversed and remanded in CA A73972; in
CA A73973, reversed and remanded for reconsideration in part; otherwise affirmed
June 22, 1994

Annie D. SMITH,
*Appellant,*

*v.*

Dell WELLS,
Former Personal Representative of
the Estate of Paul Ray Fleming, Deceased,
*Defendant,*

Wilma FLEMING,
Personal Representative of
the Estate of Paul Ray Fleming, Deceased,
*Respondent.*

(91-CV-0451-MS; CA A73972 (Control))

In the Matter of the Estate of
Paul Ray Fleming, Deceased.

Wilma FLEMING,
*Petitioner Below - Respondent,*

*v.*

Dell WELLS,
*Respondent Below,*

Annie SMITH,
*Respondent Below - Appellant.*

(92-PB-0008-MS; CA A73973)
(Cases Consolidated)

876 P2d 850

David B. Hydes argued the cause for appellant. With him on the briefs was Hydes & Nickel.

Ken Shiroishi argued the cause for respondent. On the brief were Kitri C. Ford and Dunn, Carney, Allen, Higgins & Tongue.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

RIGGS, J.

* Haselton, J., *vice* Durham, J.

**RIGGS, J.**

In this consolidated appeal, plaintiff appeals the dismissal of her personal injury action and an order vacating the appointment of the personal representative in a probate case. We reverse the dismissal of the personal injury case and remand the probate case for reconsideration of the petition of Wilma Fleming for appointment as personal representative. ORS 19.010; ORS 111.105.

Plaintiff and Paul Fleming were involved in an automobile accident on November 14, 1989. Plaintiff filed a personal injury action against Paul Fleming on October 25, 1991, seeking damages for injuries suffered in the accident; however, Paul Fleming had died on January 8, 1991. Plaintiff moved in her civil case, under ORS 30.090, to have Dell Wells, a stranger to Fleming and the accident, appointed personal representative of the estate for the purpose of receiving service.[1] Wells was appointed and plaintiff served him with a summons and complaint on December 18, 1991. On January 14, 1992, defendant Wilma Fleming, Paul Fleming's widow, filed a petition in probate, initiating the probate case, to vacate the appointment of Wells and to appoint herself as personal representative. At the same time, she filed motions to dismiss the personal injury case under ORCP 21, contemplating that she would be appointed personal representative. After a hearing at which both cases were before the court, the court in the probate case removed Wells as administrator, but did not appoint defendant as personal representative. This apparently was based on the court's belief that the appointment of Wells as personal representative was a nullity and the fact that the statutory period had run on the filing of the personal injury action made further appointment of Wilma Fleming unnecessary. In the personal injury case, the court granted three of defendant's ORCP 21 motions and dismissed the complaint.[2]

---

[1] Plaintiff moved for the appointment of a "personal representative," and the court appointed Wells as personal representative. ORS 30.090 contemplates the appointment of an "administrator." The court should have appointed Wells as administrator of the estate under ORS 30.090.

[2] Wilma Fleming was never named as a defendant nor was she ever appointed administrator of Paul Fleming's estate. However, the court apparently granted her

All parties agree that the Statute of Limitations for filing the personal injury action against the estate ran on January 8, 1992.[3] All parties also agree that Wells was served properly. The dispute is over the effect of that service. Plaintiff contends that Wells was properly appointed personal representative and therefore service of the summons and complaint on him was sufficient to commence the action. Defendant contends, and the court agreed, that Wells was not and could not have been properly appointed administrator of the estate; therefore, no action was ever commenced, service was never properly made on the estate and the court never acquired personal jurisdiction over the estate. For the reasons below, we hold that Wells was properly appointed, the action was properly commenced and the court had personal jurisdiction over the estate.

■ ■ As a threshold matter, defendant argues that this court does not have jurisdiction over these appeals, because plaintiff failed to serve Wells with copies of the notices of appeal. Defendant contends that Wells is a necessary adverse party who, because he was never served with notice of appeal, is not before this court; therefore, she asserts, we do not have jurisdiction. In *Zacker v. North Tillamook County Hospital Dist.*, 312 Or 330, 822 P2d 1143 (1991), the Supreme Court held that service of the notice of appeal is "jurisdictional only with regard to those parties 'identified in the notice of appeal as adverse parties.'" 312 Or at 335 (quoting ORS 19.033 (2)(a)).[4] If the notice of appeal does not identify adverse

---

intervenor status as defendant; otherwise, her motions to dismiss could not have been granted. Therefore, we will refer to Wilma Fleming as "defendant" in this opinion.

   [3] ORS 12.190(2) provides:

     "If a person against whom an action may be brought dies before the expiration of the time limited for its commencement, an action may be commenced against the personal representative of the person after the expiration of that time, and within one year after the death of the person."

Paul Fleming was "a person against whom an action may be brought" who died "before the expiration of the time limited for its commencement." Accordingly, plaintiff had one year from Paul Fleming's death, or until January 8, 1992, in which to commence her action.

   [4] ORS 19.033(2)(a) provides that service of the notice of appeal must be made on

   "all parties identified in the notice of appeal as adverse parties or, if the notice of

parties, then the notice must be served on all parties who have appeared in the case. 312 Or at 335 n 3. In this case, plaintiff needed to serve only those parties who appeared in the case below. The only document in the personal injury case bearing Wells' signature is an affidavit attached to a motion filed by plaintiff. That does not constitute an "appearance" by Wells as a party. There also is nothing in the probate case that would constitute an appearance by Wells. Accordingly, by serving Wilma Fleming, plaintiff has served all the parties required to be served, and we have jurisdiction.

Plaintiff assigns error to the order granting defendant's motions to dismiss the personal injury case and to the order in the probate case vacating the appointment of Wells as personal representative of the estate of Paul Fleming and denying the appointment of Wilma Fleming as personal representative. Defendant moved to dismiss the personal injury case for insufficient service of process, lack of personal jurisdiction and failure to commence the action within the applicable statute of limitations. ORCP 21A(5); ORCP 21A(2); ORCP 21A(9). We review those assignments for error of law. *See Lake Oswego Review v. Steinkamp*, 298 Or 607, 695 P2d 565 (1985); *see State ex rel Michelin v. Wells*, 294 Or 296, 657 P2d 207 (1982); *Allison v. Kleinman*, 126 Or App 298, 868 P2d 764 (1994).

■ Common to all of plaintiff's assignments of error, and the gravamen of her appeal, is the contention that she properly commenced her civil action within the Statute of Limitations. Defendant argues that this action was never properly commenced and, because the Statute of Limitations has run in the meantime, it is now time-barred. Defendant relies on *Robinson v. Scott*, 81 Or 20, 158 P 268 (1916), for the proposition that the original complaint was a nullity, because "it was impossible for [the plaintiff] to sue a memory or to litigate with a corpse." 81 Or at 30. *Robinson* goes on to hold that an amendment to a nullity also has no effect because "no suit was pending" and, therefore, "[t]here was nothing to amend or to build upon." 81 Or at 30. Defendant argues that, in this case, the original complaint was a nullity because it named a dead defendant, and the supplemental complaint

appeal does not identify adverse parties, on all parties who have appeared in the action, suit or proceeding * * *."

was a nullity because plaintiff cannot supplement a nullity; therefore, this action was never properly commenced.

*Robinson* was decided before the adoption of the Oregon Rules of Civil Procedure. The Supreme Court has noted that provisions such as ORCP 12[5] indicate "a legislatively directed trend away from strict construction of pleadings." *Adams v. Oregon State Police*, 289 Or 233, 240, 611 P2d 1153 (1980). Although not directly applicable, ORCP 23E allows the filing of supplemental pleadings even when "the original pleading is defective in its statement of a claim for relief."[6] We hold that plaintiff's supplemental complaint, naming an appropriate defendant, filed and served within the statutory limit, was sufficient to commence the personal injury action against the estate. Therefore, the court erred in granting defendant's motion to dismiss for failure to comply with the Statute of Limitations.

■     The court also granted defendant's motions to dismiss for lack of personal jurisdiction and insufficiency of service. Those motions to dismiss rely on the premise that Wells was improperly appointed administrator and any actions that he took in that capacity were ineffective. Specifically, defendant contends that Wells could not accept service on behalf of the estate and was not the proper person to receive service, because his appointment did not comply with the probate code.

Assuming, without deciding, the correctness of defendant's premise that the actions of the administrator

---

[5] ORCP 12 provides:

"A. All pleadings shall be liberally construed with a view of substantial justice between the parties.

"B. The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."

[6] ORCP 23E provides, in part:

"Upon motion of a party the court may * * * permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense."

ORCP 23E is not directly applicable, because the supplemental complaint did not allege "events which have happened since the date of the pleading sought to be supplemented." Rather, the supplemental complaint alleged an event that occurred before the date of the pleading, but was unknown to the pleading party.

would be ineffective if the appointment was invalid, we nevertheless disagree with defendant. Wells was appointed administrator under ORS 30.090, which provides:

> "If no probate of the estate of the wrongdoer has been instituted within 60 days from the death of the wrongdoer, the court, upon motion of the injured person, or of the personal representatives of one meeting death, as stated in ORS 30.080 [dealing with the maintenance of action after death of the injured person], shall appoint an administrator of the estate of the wrongdoer."

That section was enacted in 1937 along with ORS 30.080 and ORS 30.100. Before the enactment of those statutes, a tort cause of action was extinguished with the death of the wrongdoer. ORS 30.080 allowed claims to survive the death of the wrongdoer and provided that the injured person would then have a claim against the personal representative of the wrongdoer's estate. ORS 30.100 allowed the substitution of the personal representative if a party died while an action was pending. Finally, ORS 30.090 allowed the person who had the claim against the deceased person to request the appointment of an estate administrator so that the action could commence. Without this last provision, the decedent's survivors could thwart the victim's legitimate claim against the estate by refusing to initiate probate until after the Statute of Limitations for the action had run. Those statutes all deal with actions surviving death, yet they are not, and never have been, a part of the probate code. Even so, defendant argues that ORS 30.090 must be viewed as a supplement, not an alternative, to the probate code and, therefore, the appointment of an administrator under ORS 30.090 must comply with the probate code. Assuming, without deciding, that this is correct, the argument does not help defendant.

The court apparently concluded that plaintiff failed to provide sufficient information to allow an administrator to be appointed. ORS 113.035 requires anyone requesting the appointment of a personal representative to provide certain information, such as the name, address and social security number of the decedent, whether the decedent died testate, facts relied on to establish venue, the names and addresses of any persons who would be heirs if the person died intestate, and other similar information. Specifically, ORS 113.035 provides that "the petition [for appointment of a personal

representative] shall include the [above] information, *so far as known.*" (Emphasis supplied.) In this case, plaintiff provided only the name and date of death of the decedent and information regarding the administrator. In most cases involving ORS 30.090, the person requesting the appointment of an administrator will be a stranger to the decedent and simply will not have access to all of the information requested by ORS 113.035. In this case, plaintiff alleged all of the information required, so far as she knew, and thereby complied with ORS 113.035.

*Anderson v. Clough*, 191 Or 292, 230 P2d 204 (1951), which held that the failure to allege certain facts in a probate proceeding was fatal to that proceeding, does not lead to a different result. In *Anderson*, the court was interpreting a statute that allowed an estate to be probated only in the county in which the decedent lived. The court held that the failure of the petition to allege that the decedent lived in the county was a jurisdictional error. 191 Or at 301. ORS 113.035 requires a petitioner to allege the listed facts only "so far as known." In this case, the facts that plaintiff did not have in her motion for the appointment of an administrator do not rise to the level of "jurisdictional" as *Anderson* would require.

■ Defendant also argues that, even if Wells' appointment was valid under ORS 113.035, plaintiff failed to comply with the probate code by failing to file a bond as required by ORS 113.105. Specifically, defendant points to ORS 113.105(1), which provides that "the personal representative shall not act * * * until the personal representative files with the clerk of the court a bond." However, ORS 113.035(4) provides that the court may waive that requirement if "all devisees and heirs known to the court agree in writing" and the signed agreement is filed with the petition. In the circumstances here, where plaintiff was a stranger to decedent and no devisees or heirs were known to plaintiff, the court properly granted plaintiff's request for a waiver. Accordingly, we hold that Wells was properly appointed administrator of the estate under ORS 30.090 and his action in accepting service was sufficient to commence this proceeding against the estate.

The court also denied defendant's motion to appoint Wilma Fleming as personal representative, because of its decision that the appointment of Wells was a nullity. Because

we decide that his appointment was not a nullity, the trial court on remand must now address Wilma Fleming's motion to appoint her as personal representative. Plaintiff's other assignment of error is without merit.

In CA A73972, reversed and remanded; in CA A73973, reversed and remanded for reconsideration of the petition of Wilma Fleming for appointment as personal representative; otherwise affirmed.